IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MS. VIRGINIA K. PARKER,
    Plaintiff,

v.                                     CIVIL ACTION NO. 18-CV-2894

TIFFANY N. THOMPSON, *et al.*,
    Defendants.

FILED
JUL 19 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

JONES, J.                                                                                    JULY 17, 2018

Plaintiff Virginia K. Parker has filed this civil action, raising claims alleging that her daughter and others have stolen her Social Security benefits. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Parker leave to proceed *in forma pauperis* and dismiss her Complaint with leave to amend.

## I.     FACTS

In her Complaint, Parker asserts that she is raising claims based upon identity theft and the theft of her Social Security card. (Compl. at 3.)[1] In May of 2014, she started to notice that she was not receiving her Social Security checks. (*Id.* at 4.) She claims that her daughter stole her identity "to gain [her] Soc. Security funds." (*Id.*) Parker "[visited] the office numerous . . . times trying to see where monies went to." (*Id.*) She also "hired an investigation crew." (*Id.*) Parker notes that she was receiving Social Security due to her rheumatoid arthritis. (*Id.*)

Parker asserts that Mr. DeKaurtis, Supervisor Marsha Hamilton, and "Maria A." all told her that Social Security checks would be issued. (*Id.*) She was told that a second account had been opened, but states that she never opened a second account. (*Id.*) Parker asserts that other

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

individuals have been involved in the theft of her benefits, including a lawyer, officers from the Philadelphia Police Department, and others from the Social Security office. (*Id.*) As relief, Parker states that the purpose of her lawsuit is "so [she] can get [her] monies back and purchase . . . a house and get [her] business started." (*Id.* at 5.) She states that she has "plenty of paperwork" to present and knows "how much monies was stolen from [her]." (*Id.*)

Parker has attached numerous exhibits to her Complaint, including copies of paystubs, paperwork from the Social Security Administration, letters regarding unemployment benefits, and various letters Parker has written over the past few years regarding the alleged theft of her Social Security benefits. From these letters, the Court gleans that Parker believes that her daughter, Tiffany Thompson, and other individuals, including officers from the Philadelphia Police Department, have conspired to steal her benefits.

## II. STANDARD OF REVIEW

The Court will grant Parker leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Parker's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Parker is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

It is difficult to determine whether Parker has a basis for a plausible claim due to the nature in which the Complaint is pled. In the caption of her Complaint, Parker names Tiffany Thompson, Marsha Hamilton, Mr. DeKaurtis, Special Officer Bunion, Officer Kenelly, Lt. Benjamin Fraiser, Catherine Mansfield (Aunt), Dorothy Houston (Mother), Nyree Preze, Capt. John McKosely, and Ms. Smallwood as the Defendants. However, the second page of the Complaint consists of a list of people, only some of whom were included in the caption, who have allegedly wronged Parker. Given this, it is difficult to determine who the Defendants are in this case, making it difficult to assess the validity of Parker's claims.

It appears that Parker believes that some of her family members have conspired with officials, such as individuals who work for the Social Security Administration and the Philadelphia Police Department, to steal her Social Security benefits. To the extent that Parker is asserting a conspiracy claim pursuant to 42 U.S.C. § 1983, that claim fails. The Complaint is devoid of facts that would allow the Court to infer that these officials and family members

3

formed a conspiratorial agreement to violate Parker's rights. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

If Parker is attempting to assert state law tort claims against the various individuals who are possibly intended to be the named Defendants, the Court cannot discern at this time whether it has jurisdiction over those claims. The only basis for subject matter over such claims would be diversity jurisdiction. Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). However, it appears from the Complaint that many of the individuals intended as Defendants are residents of Pennsylvania, as is Parker herself.[2]

While Parker would understandably be upset about the situation she describes, the Court cannot discern any plausible claims for relief against any of the individuals named from the way she has pled her Complaint, as she has not provided any facts to support her allegations. In

---

[2] Furthermore, Parker states that she knows "how much monies was stolen," but does not provide the Court with that amount. (Compl. at 5.) Therefore, the Court cannot assess whether her damages sought meets the amount in controversy.

4

deference to Parker's *pro se* status, the Court will give her leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in the event that she can state a plausible claim that lies within Court's jurisdiction. Any amended complaint shall be a complete document that identifies all of the defendants in the caption in addition to the body, and shall describe in detail the basis for Parker's claims against each defendant. The amended complaint should not refer to any of the numerous documents that Parker submitted with her Complaint. If Parker fails to file an amended complaint, her case may be dismissed without prejudice for failure to prosecute without further notice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Parker leave to proceed *in forma pauperis* and will dismiss her Complaint. This dismissal will be without prejudice to Parker's right to file an amended complaint within thirty (30) days in the event that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.