IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MS. VIRGINIA K. PARKER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-2894 |
| TIFFANY N. THOMPSON, *et al.*,<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

**JONES, J.**                                                                                       **SEPTEMBER 12, 2018**

On July 11, 2018, *pro se* Plaintiff Virginia K. Parker filed this civil action, raising claims alleging that her daughter and others have stolen her Social Security benefits. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Memorandum and Order entered on July 19, 2018, the Court granted Parker leave to proceed *in forma pauperis* and dismissed her Complaint. (ECF Nos. 5, 6.) Specifically, the Court noted that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure, that Parker had failed to allege a plausible conspiracy claim pursuant to 42 U.S.C. § 1983, and that, to the extent Parker was asserting state law tort claims against the Defendants, the Court appeared to lack jurisdiction over those claims. (ECF No. 5 at 3-4.) The Court provided Parker with an opportunity to amend her complaint within thirty (30) days.

More than thirty (30) days passed, and Parker did not file an amended complaint. Accordingly, by Order entered on August 30, 2018, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 8.) On September 5, 2018, the Court received an Amended Complaint from Parker. (ECF No. 9.) In the Amended Complaint, Parker seeks to proceed against Tiffany N. Thompson, Ms. Marsha Hamilton, Mr. DeKaurtius, Mr. Hernandez,

Ms. Smallwood, Ms. Smiley, and Mr. David King. In light of Parker's *pro se* status, the Court will reopen this case and vacate its August 30, 2018 Order. For the following reasons, the Court will dismiss the Amended Complaint and provide Parker one final opportunity to amend.

I.     **FACTS**

In her Amended Complaint, Parker alleges that her daughter, Tiffany Thompson, stole her identity so that she could "relinquish [Parker's] funds to the point she would be living on the streets." (Am. Compl. at 1.)[1] Thompson apparently stole Parker's Social Security card and other documents and "with help of her girlfriends created false records in order to get [Parker's] money." (*Id.*) Parker contends that "this identity theft was well established and planned in which a hearing has to be held to determine the truth and reason why one does this to one." (*Id.*)

Parker notified the Social Security Administration that she was not receiving her checks. (*Id.*) She was asked to come in for a conference and was "told she has a second account open." (*Id.*) Parker states she never had two accounts with the Administration. (*Id.*) Marsha Hamilton, a supervisor, told Parker that she had over $85,000.00 directed to the second account. (*Id.*) Parker asked for those payments to be stopped, but Hamilton refused. (*Id.* at 1-2.) She also asked that "signatures be compared, numbers for account be checked, yet time and time again Social Security refused to do so." (*Id.* at 2.) According to Parker, Ms. Smallwood, Ms. Smiley, and Mr. DeKaurtius were "given orders to not address [her] concern[s]." (*Id.*) Parker also states that David King from the Department of Labor was "assigned to [her] by Former President Barack Obama." (*Id.*) King told her that it looked like she was "being taken advantage of" and said he would send an email and mail a letter. (*Id.*) However, Parker has not heard from him.

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

(*Id.*) As relief, Parker asks that the Court hold a hearing "to determine the outcome of this matter that was established by the neglect of Social Security Administration Office the identity theft of defendant." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Parker leave to proceed *in forma pauperis*. Accordingly, Parker's Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Parker is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

At this time, the Court cannot discern whether it has subject matter jurisdiction over this matter. The Court has the authority to examine such jurisdiction *sua sponte*. *See Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Parker bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Parker does not plead, and the Court does not discern, any federal claims in the Amended Complaint. Rather, it appears that Parker is attempting to assert state law tort claims for neglect and identity theft against the Defendants. The only basis for subject matter over such claims would be diversity jurisdiction. Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, it appears that Parker satisfies the amount in controversy, as she states that over $85,000.00 was diverted to another account. However, she has not included any allegations about the citizenship of any of the Defendants. Thus, while Parker would understandably be upset about the situation she describes, she has failed to plead that this Court has subject matter jurisdiction over this action because she has failed to include sufficient allegations to establish the citizenship of the parties so that the Court can determine that the parties are completely diverse for purposes of § 1332(a).

**IV. CONCLUSION**

For the foregoing reasons, the Court will reopen this case and vacate its August 30, 2018 Order dismissing this action for failure to prosecute. Parker's Amended Complaint will be

4

dismissed for lack of subject matter jurisdiction.  The Court will provide Parker a final opportunity to file a second amended complaint within thirty (30) days in the event she can state a plausible claim over which the Court may exercise subject matter jurisdiction.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
_____
**C. DARNELL JONES, II, J.**