| | |
|---|---|
| MS. VIRGINIA K. PARKER, | : |
| Plaintiff, | : |
| | : |
| v. | : **CIVIL ACTION NO. 18-CV-2894** |
| | : |
| TIFFANY N. THOMPSON, *et al.*, | : FILED |
| Defendants. | : DEC 0 7 2018 |

**MEMORANDUM**

KATE BARKMAN, Clerk
By_____Dep. Clerk

**JONES, J.** **DECEMBER 6, 2018**

On July 11, 2018, *pro se* Plaintiff Virginia K. Parker filed this civil action, raising claims alleging that her daughter and others have stolen her Social Security benefits. (ECF No. 2.) She also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) By Memorandum and Order entered on July 19, 2018, the Court granted Parker leave to proceed *in forma pauperis* and dismissed her Complaint. (ECF Nos. 5, 6.) Specifically, the Court noted that the Complaint failed to comply with Rule 8, that Parker had failed to allege a plausible conspiracy claim pursuant to 42 U.S.C. § 1983, and that, to the extent Parker was asserting state law tort claims against the Defendants, the Court appeared to lack jurisdiction over those claims. (ECF No. 5 at 3-4.) The Court provided Parker with an opportunity to amend her complaint within thirty (30) days.

More than thirty (30) days passed, and Parker did not file an amended complaint. Accordingly, by Order entered on August 30, 2018, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 8.) On September 5, 2018, the Court received an Amended Complaint from Parker. (ECF No. 9.) In light of Parker's *pro se* status, by Memorandum and Order entered on September 12, 2018, the Court reopened this case and vacated the August 30, 2018 Order. (ECF Nos. 10, 11.) The Court also dismissed the Amended

Complaint, noting that it could not discern whether it had subject matter jurisdiction over this matter. (ECF No. 10 at 3-4.) The Court provided Parker one final opportunity to amend.

The Court received Parker's Second Amended Complaint on October 1, 2018. The Second Amended Complaint, however, fails to cure the defects identified in the initial Complaint and Amended Complaint. Accordingly, for the following reasons, the Court will dismiss the Second Amended Complaint.

## I. FACTS

In her Second Amended Complaint, Parker alleges that her daughter, Tiffany Thompson, was living with her and admitted to stealing Parker's identity to "relinquish [Parker's] funds to the point she would be living on the streets." (Second Am. Compl. at 1.)[1] Thompson took Parker's Social Security card "and other documents and with help of her girlfriends created false records in order to get [Parker's] money." (*Id.* at 2.) Parker contends that "this identity theft was well established and planned in which a hearing has to be held to determine the truth and reason why one does this to one." (*Id.*)

Parker notified the Social Security Administration that she was not receiving her checks. (*Id.*) She was asked to come in for a conference and was "told she has a second account open." (*Id.*) Parker states she never had two accounts with the Administration. (*Id.*) Marsha Hamilton, a supervisor, told Parker that she had over $85,000.00 directed to the second account. (*Id.*) Parker asked for those payments to be stopped, but Hamilton refused. (*Id.*) She also asked that "signatures be compared, numbers for account be checked," but this was refused. (*Id.*) Parker states that David King from the Department of Labor was "assigned to [her] by Former President Barack Obama." (*Id.*) King told her that it looked like she was "being taken advantage of" and

---

[1] The Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.

said he would send an email and mail a letter. (*Id.*) Parker, however, has not heard from him. (*Id.*) As relief, Parker asks that the Court hold a hearing "to determine the outcome of this matter that was established by the neglect of Social Security Administration Office the identity theft of defendant." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted Parker leave to proceed *in forma pauperis*. Accordingly, Second Parker's Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Parker is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Court has the authority to examine subject matter jurisdiction *sua sponte*. *See Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). Parker bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing

3

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As discussed below, the Second Amended Complaint fails to establish that the Court has subject matter jurisdiction over this matter.

Parker does not specifically plead any federal claims in the Second Amended Complaint. She vaguely suggests that David King and employees of the Social Security Administration violated her rights by not fully investigating her complaints of identity theft. To the extent Parker is raising such a claim pursuant to 42 U.S.C. § 1983, her claim fails, as there is no free-standing right to a government investigation. *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Accordingly, Parker cannot state a claim based on authorities' failure to investigate the theft of her Social Security funds.[2]

It appears that Parker is again attempting to assert state law tort claims for neglect and identity theft against the Defendants. Because the Court has dismissed any federal claims brought by Parker, the Court will not exercise supplemental jurisdiction over Parker's remaining state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is

---

[2] The Court does not discern any other bases for a federal claim from the Second Amended Complaint.

4

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, it appears that Parker satisfies the amount in controversy, as she states that over \$85,000.00 was diverted to another account. However, she has not included any allegations about the citizenship of any of the Defendants. Thus, while Parker would understandably be upset about the situation she describes, she has again failed to plead that this Court has subject matter jurisdiction over this action because she has failed to include sufficient allegations to establish the citizenship of the parties so that the Court can determine that the parties are completely diverse for purposes of § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint. To the extent Parker raises a failure to investigate claim pursuant to 42 U.S.C. § 1983, that claim will be dismissed with prejudice. Parker's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Because Parker has been given two opportunities to amend and has not alleged anything that gives rise to a clear basis for a claim over which this Court has jurisdiction, the Court concludes that further attempts to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.

5